Peter J. Vlahakis, *pro se.*

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANDERSON GREEN, Defendant-Appellant.

(No. 54927;

First District—December 15, 1971.

*Rehearing denied January 13, 1972.*

Irwin L. Frazin, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Richard Pezzopane, of counsel,) for the People.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

Defendant, Anderson Green, was found guilty in a bench trial of having attempted to obtain desbutal, a dangerous drug, by misrepresentation. On September 25, 1969, defendant entered the Dempster Pharmacy and handed Marshall Rasof, a pharmacist, a prescription for desbutal. Rasof was suspicious because the prescription contained a misspelled word. Rasof called Dr. King, the alleged prescribing physician, to verify the prescription. As a result of his conversation with Dr. King, Rasof called the police.

The defendant was arrested and charged with attempting to obtain a dangerous drug by fraud or deceit. He was found guilty as charged and assessed a fine of $100.00 and costs of $5.00.

■■ On appeal the defendant contends (1) that the complaint did not allege an offense and (2) that he was not proven guilty beyond a reasonable doubt. It is unnecessary to consider the defendant's first contention because we are not satisfied that his guilt was proved beyond a reasonable doubt. The prosecution failed to introduce evidence that Dr. King did not write the prescription for the defendant's friend, as defendant claimed. Dr. King did not testify. The prosecution based its case upon the fact that Rasof called the police as a result of his conversation with Dr. King. Rasof's conversation with Dr. King was properly excluded as hearsay. It was thus improper for the trial court to draw an

incriminating inference that Dr. King had not written the prescription, from the incompetent evidence.

■■ The burden in a criminal case rests upon the prosecution to prove its case beyond a reasonable doubt. (*People v. Johnson*, 31 Ill.2d 321.) In the instant case there is an explanation for the defendant's conduct. The defendant was obtaining the prescription for a friend. The prosecution did not prove that Dr. King did not write the prescription.

■■ If the conviction is to be sustained, it must rest on the strength of the State's case and not on the weakness of the defendant's and a reasonable doubt as to the defendant's guilt is produced by the insufficiency of the State's evidence.

■■ We have carefully reviewed the evidence and find that it was insufficient to establish defendant's guilt beyond a reasonable doubt. *People v. Coulson*, 13 Ill.2d 290.

For the reasons given, the judgment of the Circuit Court of Cook County is reversed.

Judgment reversed.

BURMAN and DIERINGER, JJ., concur.